OPINION OF THE COURT
Richard S. Lane, J.
The issue posed on this motion by respondent tenant for summary judgment is whether the landlord’s failure to offer a renewal lease pursuant to section 60 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Code) bars a successor landlord some 20 months later from seeking the apartment for his own personal use pursuant to subdivision (b) of section 54 of the Code.
There is no dispute as to the essential facts. Respondent’s lease expired on April 30, 1980. No renewal lease has ever been offered or requested, and respondent has continued in possession as a month-to-month tenant at the same rent as remised in the expired lease. After serving a 30-day notice to terminate, petitioner, the third new owner since the expiration of the lease, commenced this holdover proceeding in January, 1982 on the grounds set forth in said subdivision (b) of section 54.
Respondent asserts that rights under subdivision (b) of section 54 are dependent upon the existence of the intent to claim the apartment for personal use within the so-called *621 “window” period during which a renewal lease must be offered, and petitioner could not possibly qualify because he was not even the owner during that period. In support respondent cites Short v Graves (109 Misc 2d 672). In that case the Appellate Term, First Department, relying on its earlier decision in Bosco v Zbikowski (NYU, Nov. 21, 1979, p 12, col 5) affirmed the housing Judge’s dismissal of the petition stating (p 674): “Accepting as we do that the landlord must prove that during the period of 150 to 120 days before the expiration of tenant’s lease she intended not to renew tenant’s lease in order to give the apartment to her 87-year old mother, we must look to the record to determine whether the landlord sustained her burden in that regard.”
I have serious reservations concerning the rationale of the Appellate Term in these two cases. A failure to timely offer a renewal lease clearly precludes eviction based upon the mere termination of tenancy. By creating an Alice in Wonderland inquiry about landlord’s state of mind some four or more months ago, however, the Appellate Term has effectively added in most cases the penalty of deprivation of rights under subdivision (b) of section 54. And it has done this without alluding to any support in the language of the Code and despite rather strong indicia to the contrary in sections 23, 50, 53 and 54. Certainly a failure to timely offer a renewal lease and landlord’s then state of mind would be irrelevant with respect to eviction on grounds set forth in subdivision (e) of section 54. But if it causes a loss of rights under one subdivision, why not under all?
Assuming, however, that I am bound by Short v Graves (supra), nothing in that case commands the same result with respect to a successor landlord who by hypothesis could not have offered a renewal lease in compliance with section 60, or formed the requisite intent. Nor is the same result commanded by Simon v Elkon (NYU, April 26, 1976, p 6; col 1), wherein a renewal lease had been offered by the prior landlord and had been accepted but never tendered (see De Santis v Randolph, 103 Misc 2d 573).
And in Spagnolo v Dorn (Opn No. 16,919, June 25,1981), under circumstances almost identical with this case, the *622 Conciliation and Appeals Board reached the opposite result allowing the new owner to proceed in court under subdivision (b) of section 54. Logic and respect for the views of the agency to which administration of the statute has been entrusted suggests following the Conciliation and Appeals Board. After all, respondent, at any time during the 20 months since the expiration of her lease, could have applied to compel a new lease, but chose rather to accept status quo with its attendant advantage of a lower rent.
Motion is denied.